The VIDEO STORE, INC., et al., Plaintiffs,

v.

John F. HOLCOMB, et al., Defendants.

No. C–1–89–770.

United States District Court, S.D. Ohio, W.D.

Jan. 30, 1990.

Marc Mezibov and Louis Sirkin, Cincinnati, Ohio, for plaintiffs.

Dan Eichel, Hamilton, Ohio, Michael Powell, Lebanon, Ohio, Thomas Blust, Batavia, Ohio, Edward Goldman, Cincinnati, Ohio, for defendants.

ORDER

CARL B. RUBIN, Chief Judge.

Plaintiffs have filed a complaint for declaratory and injunctive relief under 42 U.S.C. Secs. 1983, 1985, and 1988 seeking to redress alleged violations of their First, Fourth, and Fourteenth Amendment rights. The matter is before the Court following a hearing on the Court's order to show cause why the Court should not abstain from adjudicating this controversy. For the reasons set forth below, the Court finds that abstention is not warranted.

Plaintiffs are eight video rental stores located in Warren, Butler, and Clermont Counties in Ohio. Plaintiffs rent and sell to members of the public video cassettes to be viewed in the customers' own homes. Defendants are prosecuting attorneys for the above-listed counties and cities within the counties, and judges of various courts located within the counties. Plaintiffs claim that the defendant prosecutors have conspired together and conducted a campaign of threats and harassment intended to cause plaintiffs to cease the sale and distribution of sexually explicit videotapes. Plaintiffs seek to enjoin a number of lawsuits defendants have instituted against them in state court.

Defendants contend that this Court must abstain from exercising jurisdiction over this matter in accordance with the principles outlined in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* abstention doctrine precludes federal courts from enjoining pending state criminal prosecutions except under extraordinary circumstances where the threat of irreparable loss is great and immediate. *Id.* The threat to a plaintiff's federally-protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution. *Id.* at 46, 91 S.Ct. at 751. *Younger* and its progeny do allow intervention in a pending state court case where the state proceeding is motivated by a desire to harass or is brought in bad faith. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

The lawsuits plaintiffs seek to enjoin involve criminal indictments or proceedings under Ohio's civil nuisance abatement law. The principles underlying *Younger* apply to both types of proceedings. *Huffman*, 420 U.S. at 592, 95 S.Ct. at 1200. Thus, the issue before the Court is whether an exception to the *Younger* doctrine applies under the circumstances of this case which allows the Court to intervene in the pending state court actions.

The Court finds that plaintiffs have established a *prima facie* case of harassment. Twelve lawsuits are pending against plaintiffs in Butler, Warren, and Clermont Counties. Plaintiffs represented at the hearing that they have also been subjected to five prior criminal prosecutions in Butler and Clermont Counties, of which one ended in a mistrial, another resulted in an acquittal, and two were terminated after the juries were unable to reach a verdict. Defendants' practice of pursuing multiple lawsuits against plaintiffs precludes plaintiffs from protecting their federal rights by defending themselves in one state proceeding. Furthermore, requiring plaintiffs to defend this multiplicity of lawsuits poses a very real danger that defendants will drain plaintiffs' financial resources and drive them out of business.

Defendants have failed to rebut plaintiffs' showing that defendants have harassed them by subjecting them to multiple legal proceedings. In view of defendants' course of conduct, this Court is not required under the principles of *Younger* and its progeny to abstain from exercising jurisdiction over this controversy.

The Court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

IT IS SO ORDERED.