**CON–WAY SOUTHERN EXPRESS, INC.**

v.

**Stephen HEWLETT, et al.**

No. 3–91–0138.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 26, 1991.

Val Sanford, Todd J. Campbell, Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for plaintiff.

Larry Lewis, Asst. Atty. Gen., Henry Walker, General Counsel, TPSC, Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The Court received the plaintiff's motion for a temporary restraining order to prohibit the defendants, in their capacities as

Commissioners of the Tennessee Public Service Commission ["TSPC"], from thwarting or hindering a merger between the plaintiff, Con-way Southern Express, and Hohenwald Truck Lines ["HTL"] and McMinnville Freight Line ["MFL"]. The Court held a hearing on this motion, at which all of the parties were present, on February 22, 1991 and granted the plaintiff's motion for a temporary restraining order. The following constitutes the reasoning behind the Court's Order.

The plaintiff obtained authorization for the merger from the Interstate Commerce Commission on April 13, 1990, pursuant to Title 49 U.S.C. § 11343. The Tennessee Public Service Commission, however, has issued an order requiring the plaintiff to cease and desist from integrating the operations of HTL and MFL, on the grounds that the state issued certificates of convenience and necessity are nontransferable for a period of five years, and therefore they may not be tacked or joined by the plaintiff at this time.

■ As a preliminary matter, the Court will address the argument raised by the defendants at the hearing that the Court must dismiss this action on the basis of the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* requires that the Court conduct a three-part analysis to determine if abstention is appropriate. *Federal Express Corp. v. Tennessee Public Service Comm'n,* 925 F.2d 962, 969 (6th Cir.1991). The first prong of this analysis asks whether there is a pending state judicial proceeding on the matter before the Court. *Id.* In this case, unlike the facts in *Federal Express Corp.*[1], there is no pending state judicial proceeding. Accordingly, abstention is not appropriate in this matter.

■ The entry of a temporary restraining order is within the discretion of the district court judge. *Tyson Foods, Inc. v. McReynolds,* 865 F.2d 99, 101 (6th Cir. 1989). In deciding whether such an order is appropriate, the Court must consider whether the moving party will suffer irreparable harm without the order, and whether that party has a reasonable chance of ultimately prevailing on the merits. *Id.* at 101; *Tennessee Public Service Comm'n v. United States,* 275 F.Supp. 87, 90 (M.D. Tenn.1967); *see also* 11 Wright & Miller, Federal Practice and Procedure, § 2951. The Court may also weigh the potential harm that an injunction would cause to the opposing party, and where the public interest lies. *Tyson,* 865 F.2d at 101.

The central question in the application before the Court is whether the Tennessee Public Service Commission is preempted by the Commerce and Supremacy Clauses of the U.S. Constitution and 49 U.S.C. § 11341(a) from enforcing its so-called nontacking requirement against the plaintiff.

■ Under 49 U.S.C. § 11341(a), the Interstate Commerce Commission has exclusive power to approve the merger or acquisition of two or more motor carriers. In pertinent part, this provision states:

A carrier or corporation participating in or resulting from a transaction approved by or exempted by the Commission under this subchapter may carry out the transaction, own and operate property, and exercise control or franchises acquired through the transaction without the approval of a State authority. A carrier [or] corporation ... participating in that approved or exempted transaction is exempt from the antitrust laws and from all other law, including State and municipal law, as necessary to let that person carry out the transaction, hold, maintain, and operate property, and exercise control or franchise acquired through the transaction.

*Id.* Thus, a state may not act as an economic "gatekeeper," requiring state approval of mergers or acquisitions of motor carriers operating within its jurisdiction.

In this light, a recent decision by the Seventh Circuit Court of Appeals, *Leaseway Transp. Corporation v. Bushnell,* 888

---

**1.** In *Federal Express,* the plaintiff initiated an appeal of a TPSC order in the Tennessee Court of Appeals which was pending on the date the plaintiff filed its lawsuit in federal court. *Federal Express,* at 969–70.

F.2d 1212 (7th Cir.1989) is illustrative here. This case was also relied on by the Interstate Commerce Commission in its consideration of the merger of the companies in the case before the Court today. *See Con-Way Southern Express, Inc.—Control and Merger Exemption,* ICC No. MC–F–19568 (July 26, 1990) *attached as* Exhibit No. 1, Complaint for Declaratory, Injunctive and Other Relief. In *Leaseway,* the Illinois Commerce Commission attempted to require that Leaseway seek its approval for Leaseway's acquisition of other motor carriers. *Leaseway,* 888 F.2d at 1213–1214. The Seventh Circuit held that the ICC's approval power under section 11341(a) exclusively preempted the Illinois Commerce Commission from enforcing its state-authorized power to approve motor carrier mergers and acquisitions. *Id.* at 1215.

■ Similarly, in the case at bar, the ICC held that the TSPC's authority to restrict the transfer of HTL's and MFL's certificates of necessity and convenience was preempted by section 11341(a). *Con–Way Southern Express,* No. MC–F–19568, at 2–3. That is, the TSPC was preempted by the Federal statute from blocking the merger.

The defendant now seeks to enforce its so-called non-tacking provisions against the plaintiff. This would have the effect of unraveling the merger between the plaintiff and the companies it acquired last year. Under 49 U.S.C. § 11341(a), the TSPC is expressly barred from doing this because it would, in effect, upset the ICC's approval of the merger. Therefore, there is a reasonable probability that the plaintiff will prevail on the merits of its case.

If the merger of these carriers is proper, and the defendants' cease and desist order is allowed to stand, it appears that the plaintiff stands to suffer irreparable injury. In order to carry out the merger, and in reliance on the ICC's authorization, the plaintiff opened four service centers, hired 123 additional employees, and added 183 pieces of equipment. Under the cease and desist order, the plaintiff would be unable to offer the integrated operations made possible by the merger. The resulting harm would include layoffs of employees, the sale of equipment, and damage to the plaintiff's reputation.

The Court is not convinced at this time that the defendant is likely to suffer significant harm if a temporary restraining order is entered. There has been no showing that allowing the plaintiff's continued operations until a hearing is held will seriously threaten public safety, or any other legitimate state interest. The Court believes that the potential for such harm, if any, is substantially outweighed by the potential for injury to the plaintiff if the Court refuses to maintain the status quo.

Finally, the Court must examine where the public interest lies. The public has an interest in an interstate business being allowed to operate in accordance with federal law, without improper interference from the state. There has not been a showing that a temporary restraining order would threaten the public in a significant manner. Thus, the public interest lies in maintaining the status quo until a hearing can be held to examine the issues in more detail.

For the foregoing reasons, the Court entered a temporary restraining order on February 22, 1991 prohibiting the defendants from interfering with the plaintiff's operations for ten days. The Court further ordered that the parties must appear for a hearing on February 28, 1991 to determine whether the temporary restraining order should be allowed to expire, or should be converted into a preliminary injunction.