959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen MAYFIELD, Plaintiff-Appellant,
v.
Michael FRANCKS; Dennis Path; Ariana Herberg; Leslie
Healy, Defendants-Appellees.
 No. 92-1012.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 ORDER
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Helen Mayfield is a pro se Michigan bar applicant, who appeals the dismissal of a civil action that she had brought under 42 U.S.C. § 1983 and various other statutes. Mayfield's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Mayfield alleged that the defendants acted illegally in their investigation of her character and fitness to practice law and in disseminating the information that they obtained through their investigation. On December 11, 1991, the district court dismissed the case because it found that the Michigan Bar was still considering an internal appeal regarding Mayfield's application and that federal jurisdiction over her claims was precluded by the abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). It is from this judgment that Mayfield now appeals.
 
 
 3
 The district court's application of the Younger abstention doctrine is reviewed de novo on appeal. Federal Express Corp. v. Tennessee Public Service Corp., 925 F.2d 962, 967 (6th Cir), cert. denied, 112 S.Ct. 59 (1991). Upon review, we conclude that the abstention doctrine barred federal review of Mayfield's claims for declaratory and injunctive relief. First, Mayfield's hearing before the Michigan State Board of Law Examiners was an ongoing state adjudicative proceeding. Second, the regulation of persons who are authorized to practice law involves an important state interest. Finally, Mayfield has not alleged, nor is there any reason to believe, that she would be unable to assert her constitutional claims at the Examiner's hearing. In addition, Mayfield may appeal an adverse administrative decision on her application to the Michigan Supreme Court, which is clearly empowered to consider her constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433-36 (1982).
 
 
 4
 The dismissal of Mayfield's monetary claims was also appropriate. Monetary relief is unavailable to Mayfield because the defendants were protected by absolute immunity for the actions that they performed at the behest of the Michigan Supreme Court. See Sparks v. Character and Fitness Comm., 859 F.2d 428, 434 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.