Miriam G. **CARROLL**, Plaintiff,

v.

**CITY OF MOUNT CLEMENS**, a municipal corporation, John Beeding, Jr., in his individual and official capacity, Harry Diehl, in his individual and official capacity, Jolyne Fisher, in her individual and official capacity, and Rex A. Burgess, in his individual and official capacity, Defendants.

Civil Action No. 96–40062.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 7, 1996.

Hal O. Carroll, Detroit, MI, for Plaintiff.

Peter W. Peacock, Mt. Clemens, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GADOLA, District Judge.

Before the court is the defendants', City of Mount Clemens, John Beeding, Jr., Harry Diehl, Jolyne Fisher, and Rex A. Burgess, (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) filed on July 10, 1996. Oral argument was heard on September 19, 1996. For the reasons set forth below, this court will grant defendants' motion to dismiss.

#### Background

On February 14, 1996, plaintiff Miriam G. Carroll ("Carroll") filed a complaint [1] alleging abuse of process, violations of the Civil Rights Act, 42 U.S.C. § 1983, and violations of the Fair Housing Act, 42 U.S.C. § 3604, by the City of Mount Clemens and certain city officials ("Mount Clemens"). Carroll operates several properties as rooming houses in the City of Mount Clemens. On November 5, 1992 the City of Mount Clemens cited Carroll for violations of the Mount Clemens Housing Code, specifically Section 18.068(C), which pertains to the requisite number of bathrooms to be installed in rooming houses. The city of Mount Clemens sued Carroll on July 14, 1993 in the Macomb County, Circuit Court [2] seeking an injunction to enforce this

---

1. Carroll filed a first amended complaint on April 25, 1996.

2. The State Court case is docketed as number 93–3387–CH and is assigned to the Honorable

ordinance. In that action, Carroll counterclaimed seeking an injunction against the city from enforcing the ordinance and for damages. Carroll was able to obtain a temporary injunction against the city from enforcing the ordinance.

Carroll's federal claims are based on the impropriety of the issuance of the violation notices by Mount Clemens and the subsequent prosecution in the state court. Carroll seeks compensatory and punitive damages as well as attorney's fees and an injunction "in such form as will prevent defendants from continuing to violate her rights in the future."

### Analysis

■ Although the defendants style their motion as one to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b), in effect, they seek to have this court abstain from exercising its jurisdiction pursuant to the *Younger* abstention doctrine. The *Younger* abstention doctrine has developed from the Supreme Court case of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). It mandates that a federal court abstain from exercising jurisdiction where: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995). *See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2520–21, 73 L.Ed.2d 116 (1982) (finding that abstention is warranted where an ongoing state judicial proceeding implicates important state interests, and affords an adequate opportunity to raise constitutional challenges).

### 1. Pending State Proceedings

The Sixth Circuit has held that "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Federal Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir.1991), *cert. denied*, 502 U.S. 812, 112 S.Ct. 59, 116

L.Ed.2d 35 (1991). Here it is undisputed that the underlying state court action was pending at the time Carroll filed her federal action. Carroll filed the complaint in the instant action in February, 1996. At that time, the state court proceedings were pending as evidenced by an order dated April 30, 1996 signed by Judge Maceroni denying *inter alia* Carroll's Motion for Sanctions. Thus, the first element of the *Younger* abstention doctrine is satisfied.

### 2. The State Proceeding Involved Important State Interests

■ The importance of the state's interest in its proceedings is measured, not by the state's interest in the outcome of the particular case, but in the importance of the generic proceedings to the state. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365, 109 S.Ct. 2506, 2516–17, 105 L.Ed.2d 298 (1989). In this instance, the State of Michigan has an important interest in allowing state courts to enforce state housing codes and regulate state ordinances. *Cf. Delene v. Harmes*, 1996 U.S. Dist. LEXIS 2987 *6–*7 (W.D.Mich. February 14, 1996) (finding Michigan has an important state interest in enforcement of state statutes governing the environment); *Federal Express Corp. v. Tennessee Public Service Comm'n*, 925 F.2d 962, 969 (6th Cir.1991) (finding Tennessee has an important state interest in regulating intrastate trucking). Thus, the second element of the *Younger* abstention doctrine is satisfied.

### 3. The State Courts Provide an Adequate Opportunity to Raise Constitutional Claims

■ This court must presume that the state courts are able to protect the interests of the federal plaintiff. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims...." *Moore v. Sims*, 442 U.S. 415, 430, 99 S.Ct. 2371, 2380–81, 60 L.Ed.2d 994 (1979). Moreover, "the burden on this point rests on the federal plaintiff to show 'that

Peter J. Maceroni, Chief Judge of the Macomb County Circuit Court.

state procedural law barred presentation of [its] claims.'" *Pennzoil,* 481 U.S. at 14, 107 S.Ct. at 1528. Furthermore, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 15, 107 S.Ct. at 1528.

■ Here, the plaintiff fails to allege a lack of adequate opportunity to raise constitutional claims. In fact, plaintiff *did* have the opportunity to bring such claims but failed to do so. Carroll counter-claimed in the state court action seeking an injunction, which was in fact granted to her by the state court, and damages against Mount Clemens but she failed to raise any constitutional claims at that time. As such, the state court forum provided an adequate opportunity for Carroll to raise her constitutional claims. Since the third element of the *Younger* abstention doctrine is satisfied, abstention is properly invoked in this case.

Carroll, while not challenging any of the individual elements of the *Younger* abstention doctrine discussed above, argues that the doctrine, as a whole, is inapplicable to the instant action because she does not seek to enjoin the state court proceeding. Alternatively, she argues that even if the *Younger* abstention doctrine is applicable, the bad faith or harassment exceptions to the doctrine are properly invoked in this instance. Finally, Carroll contends that even if the *Younger* doctrine is applicable without exception, it is not applicable to her monetary damages claims.

The plaintiff's main argument is that the *Younger* abstention doctrine does not apply because she does not seek to enjoin the *state court proceedings,* per se, but rather seeks an injunction "in such form as will prevent defendants from continuing to violate her rights in the future." While seemingly a matter of semantics, this argument warrants proper consideration.[3]

At the outset, it should be noted that Carroll does not cite a single case that stands for the proposition that the injunctive relief she seeks is not susceptible to *Younger* abstention. While it is true that the strict holding of *Younger* is that a federal court should abstain from enjoining a pending state criminal proceeding, that holding has been broadened over the years by *Younger's* progeny. For instance, in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* the Court applied *Younger* "to non-criminal judicial proceedings when important state interests are involved." 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Later, the Court extended the *Younger* principles to state civil proceedings. *Pennzoil,* 481 U.S. 1, 17, 107 S.Ct. 1519, 1529, 95 L.Ed.2d 1 (1987). Moreover, the Supreme Court, in *Pennzoil,* went on to hold that federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id.*

In *Middlesex County,* the Court discussed the policies behind the *Younger* abstention doctrine. In *Middlesex County,* the state court defendant, who was an attorney who was being charged by the Ethics Committee with certain disciplinary rules violations, filed suit in federal court contending that the disciplinary rules violated his First Amendment rights. The attorney in the *Middlesex County* case, like the plaintiff in the instant case, did not seek to enjoin the state court proceedings per se. Nevertheless, the Court in affirming the district court's decision to abstain stated that:

> *Younger v. Harris,* ... and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying Younger abstention have been frequently reiterated by this Court. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and

---

**3.** It should be noted that counsel for Carroll offered to withdraw Carroll's request for injunc-

tive relief at the September 19, 1996 hearing.

a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. (citing *Younger*)

*Middlesex County*, 457 U.S. at 431, 102 S.Ct. at 2521.

Any adjudication by this court of plaintiff's claims as to whether an abuse of process has occurred or whether violations of § 1983 or The Fair Housing Act have occurred would necessarily determine the same questions that are at issue before the state court, namely the validity of the City of Mount Clemens' housing ordinances. This result would be directly contrary to the policies underlying the long-standing doctrine of abstention enunciated in *Younger* and its progeny. *See Feaster v. Miksch*, 846 F.2d 21, 22 (6th Cir.1988). As such, this court rejects plaintiff's argument and, instead, finds that abstention is appropriate under the *Younger* doctrine.

Carroll's arguments that the bad faith or harassment exception to the *Younger* doctrine apply will also be rejected. There have been no Supreme Court cases since *Younger* that have applied either of these exceptions. In fact, commentators have observed that "the universe of bad-faith-harassments claims that can be established is virtually empty." Wingate, *The Bad Faith Harassment Exception to the Younger Doctrine: Exploring the Empty Universe*, 5 Rev. of Litig. 123 (1986).

■ Generally, the establishment of bad faith requires a showing that there is an absence of fair state judicial proceedings. *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). For instance, the Supreme Court refused to find the existence of bad faith in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), where the movie "Deep Throat" was the subject of repeated seizures. There, the Supreme Court reversed the lower court, concluding that there was no harassment because the prosecuting officials, in each instance, were acting pursuant to judicial warrants and there was no allegation of bad faith on the part of the judges. *Id.* at 350–51, 95 S.Ct. at 2292–93. *Cf. The Video Store, Inc. v. Holcomb*, 729 F.Supp. 579 (S.D.Ohio 1990) (finding that the existence of twelve simultaneously pending lawsuits evidences bad faith).

Carroll does not cite a single case that applies the bad faith exception. The crux of her bad faith argument is that Mount Clemens did not have a sincere belief that her properties posed a health threat. As stated above, Carroll must demonstrate that there was an absence of fair state judicial proceedings, not merely that a questionable subjective intent existed on the part of the city. Carroll utterly fails to do so. There is no evidence to indicate that Carroll has received and will continue to receive anything but a fair state judicial proceeding.[4]

Carroll's harassment argument, which incorporates her bad faith argument, is equally unavailing. Accordingly, this court finds that both the bad faith and harassment exceptions to the *Younger* abstention doctrine are inapplicable in this action.

Finally, as stated above, Carroll, who seeks both monetary and equitable relief, argues that her monetary damages claims are not susceptible to *Younger* abstention. Carroll is only partially correct. Sixth Circuit case law has established that where the plaintiff seeks damages *not otherwise available* in the state proceeding along with an injunction, the proper remedy is not to dismiss the case, but rather to stay the federal court case pending the outcome of the related state proceedings. *Watts v. Burkhart*, 854 F.2d 839, 845 (6th Cir.1988). *See Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir.1988) *cert. denied* 488 U.S. 857, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988) (finding that proper course for District Court was to stay the federal proceedings where plaintiff, who was a state court criminal defendant, filed § 1983 action against police officers seeking monetary damages).

---

**4.** Additionally, there is no reason to believe that Carroll can not receive adequate judicial review in the state appellate court system.

In this case, the plaintiff seeks compensatory and punitive damages along with attorney's fees and an injunction. Plaintiff indicates that Michigan's Uniform Condemnation Procedures Act provides, in Mich.Comp. Laws 213.66, that the attorney fees shall be "not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer." As such, it appears that Carroll may be limited in the amount of attorney's fees she may recover in state court action which would therefore entitle her to a stay of the federal proceedings pending the outcome of the state action.

■ However, there is no basis to presume that Michigan's Uniform Condemnation Procedures Act governs the state action where the city is not attempting to condemn Carroll's property but, rather, is attempting to enforce a housing ordinance. Carroll utterly fails to show that the state court proceeding is a condemnation action. Furthermore, plaintiff does not indicate to what extent, if any, she is limited from recovering compensatory or punitive damages in the state court proceeding. As such, Carroll's argument that her monetary damages claims are not susceptible to the *Younger* abstention doctrine is rejected by this court.

### Conclusion

In sum, this court finds, for the reasons set forth above, that the plaintiff's complaint should be dismissed pursuant to the *Younger* abstention doctrine.

### *ORDER*

It is hereby **ORDERED** that the defendants', CITY OF MOUNT CLEMENS, JOHN BEEDING, JR., HARRY DIEHL, JOLYNE FISHER, AND REX A. BURGESS, Motion to Dismiss is **GRANTED** pursuant to the Younger abstention doctrine.

**SO ORDERED.**