**POSTSCRIPT ENTERPRISES, INC., Appellant,**

v.

**Hon. George PEACH, Circuit Attorney for St. Louis, Missouri; Col. Robert Scheetz, City of St. Louis Police Department, Appellees.**

No. 88–1641.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1988.

Decided July 13, 1989.

Murry A. Marks, St. Louis, Mo., for appellant.

Stephen A. Moore, St. Louis, Mo., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Postscript Enterprises, Inc. (Postscript) appeals from the dismissal without prejudice of Postscript's complaint in the United States District Court[1] for the Eastern District of Missouri. For reversal, Postscript argues that the district court erred in sustaining defendants' motion to dismiss based upon the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (*Younger*). Postscript requests that we remand with directions to the district court to do the following: (1) reinstate the complaint; (2) rule on its request for a temporary restraining order; and (3) rule on its request for a declaratory judgment regarding the constitutionality of the applicable state statutes. For the reasons discussed below, we affirm the order of the district court.

Postscript is a Missouri corporation doing business as Eros Book Store (bookstore) at 3552 Gravois in St. Louis, Missouri. George Peach is the Circuit Attorney for the City of St. Louis, Missouri. Col. Robert Scheetz is Chief of Police of the City of St. Louis Police Department.

The bookstore, which is open only to adults, has a special section restricted to customers with membership cards. In this section, members may watch films and videotapes in projection booths. In the summer of 1987, Detective James Welby of the St. Louis Police Department acquired a membership under an assumed name and viewed portions of films in projection

---

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

booths. On July 21, 1987, officers of the St. Louis Police Department executed search warrants issued by state Circuit Judge Henry Autry on the basis of Welby's affidavit and seized films, magazines, videotapes, coin-operated devices, viewing booths, viewing devices, video cassette players, and related computer equipment used in exhibiting motion pictures. The search warrant indicates that the primary objective of the seizure was to protect the evidence. On July 29, 1987, the circuit attorney's office filed a petition for forfeiture and destruction of five coin-operated video-monitor devices, eleven motion picture coin-operated devices, eight video cassette players, one video distribution center and hardware, one modem, and one keyboard and monitor pursuant to the Criminal Activity Forfeiture Act, Mo.Rev.Stat. §§ 513.600–513.645 (Supp.1989).

On July 31, 1987, Postscript filed the instant case in United States District Court for the Eastern District of Missouri challenging the constitutionality of Mo.Rev. Stat. §§ 513.605, 513.607, 513.620, and 513.-630 (Supp.1989); 542.281 and 542.301 (1987 & Supp.1989); and 573.010, 573.020 and 573.060 (1979 & Supp.1989). In its complaint, Postscript also sought declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §§ 1343(a)(3) and 2201. No formal criminal charges had been filed against Postscript or any of its employees at that time.

Defendants agreed to refrain from enforcing the statutes against Postscript and its employees until the question of constitutionality was resolved. In addition, defendants agreed to provide twenty days written notice before enforcing the statutes. Subsequently, defendants cancelled the agreement on November 6, 1987, and informed Postscript that it would be subject to prosecution. On November 20, 1987, a criminal information was filed charging Postscript with promoting obscenity in the second degree, a Class A misdemeanor, in violation of Mo.Rev.Stat. § 573.030 (1979 & Supp.1987), as a result of the police investigation and the search and seizure at 3552 Gravois, St. Louis, Missouri. Both the criminal matter and the forfeiture proceed-ing are still pending in state court at the present time.

Postscript alleged that the state statutes in question violate its first, fourth, fifth and fourteenth amendment rights because they permitted and encouraged the police to seize materials presumptively protected by the first amendment to the United States Constitution. Such a seizure, Postscript argues, constitutes an impermissible prior restraint on the exercise of its first amendment rights as well as an unconstitutional seizure under the fourth amendment because the statutes in question do not provide for a pre-seizure adversary hearing. Postscript also alleges in its complaint that the seizure and possible destruction of the projectors and viewing booths violates its first amendment free speech and fourteenth amendment due process rights because those objects are neutral and non-obscene *per se*. Because the projectors and booths can be used to exhibit any type of speech or conduct which, under the first amendment, is presumptively protected from government interference, the destruction of said objects constitutes, according to Postscript, "a flagrant case of prior restraint." Postscript also alleges in its complaint that the statutes in question do not contemplate activity which takes place in a private club; rather, they deal only with public display of obscene materials. Postscript's position is that the section of the bookstore from which the projectors and booths were seized is a private club open only to adult members and not open to the public. Finally, Postscript alleges in its complaint that certain of the statutes in question are void for vagueness and violate constitutional guarantees of privacy.

Defendants moved to dismiss this litigation based on the pendency of criminal and quasi-criminal proceedings in state court. On March 31, 1988, the district court granted defendants' motion to dismiss, basing its decision on the *Younger* abstention doctrine. This appeal followed.

■ Postscript first argues that the *Younger* abstention doctrine is inapplicable because there is no pending state criminal

case involving Postscript nor is it seeking to enjoin any pending state action in its federal complaint. We disagree with Postscript's contention that *Younger* does not apply.

In *Younger*, the Supreme Court held that a federal court may decline to hear a case in which: a federal court is called upon to enjoin an on-going, criminal or non-criminal state judicial proceeding if (1) the proceeding provides an adequate opportunity for Postscript to raise constitutional challenges in the state proceeding, 401 U.S. at 49, 91 S.Ct. at 753; and (2) the proceeding implicates state interests, *id.* at 44, 91 S.Ct. at 750.

The forfeiture proceedings, which are quasi-criminal in nature, were pending in state court at the time Postscript filed the federal suit on July 30, 1987. Pending state civil proceedings of this nature may be characterized as "both in aid of and closely related to [Missouri's] criminal statutes which prohibit the dissemination of obscene materials." *Huffman v. Pursue Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975) (*Huffman*). The state's interest in these forfeiture proceedings is likely to be as great as its interest in its criminal law proceedings. *Caldwell v. Camp*, 594 F.2d 705, 707 (8th Cir.1979) (citing *Huffman*, 420 U.S. at 604, 95 S.Ct. at 1208, and *Juidice v. Vail*, 430 U.S. 327, 335–36, 97 S.Ct. 1211, 1217–18, 51 L.Ed.2d 376 (1977)). Under the *Younger* abstention doctrine the federal courts must abstain from interfering with the efforts of states or local governments "to protect the very interests which underlie [their] criminal laws and to obtain compliance with precisely the standards which are embodied in [their] criminal laws." *Huffman*, 420 U.S. at 605, 95 S.Ct. at 1208. Because Postscript can raise its constitutional claims in a pending state proceeding, the district court acted properly in abstaining on the basis of *Younger*. *Central Avenue News, Inc. v. City of Minot*, 651 F.2d 565, 567 (8th Cir. 1981) (*Central Avenue News*) (citation omitted).

Postscript also suggests that no "vital state interests" are implicated in the feder-

al court proceedings because the state attorney general never entered an appearance on behalf of the state to defend the constitutionality of the statutes. However, the state is a real and substantial party in interest because the issue of the constitutionality of state statutes is raised in Postscript's claims. The state attorney general therefore need not appear to establish state interest. Furthermore, the forfeiture suit need not name Postscript as a party. The record demonstrates that Postscript has "a substantial stake in the state proceedings, so much so that [it] sought federal relief, demanding that the state statute[s] be declared [unconstitutional]." *Hicks v. Miranda*, 422 U.S. 332, 348, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975), *overruled on other grounds, Mandel v. Bradley*, 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977) (per curiam).

■ Postscript next argues that under extraordinary circumstances, a federal court may consider enjoining state criminal proceedings that were pending at the time the federal litigation begins upon a showing that the state officers' conduct was in bad faith and done with an intent to harass. *Younger*, 401 U.S. at 49, 91 S.Ct. at 753; *see Central Avenue News*, 651 F.2d at 568–69 (citation omitted). However, the record in this case does not establish bad faith prosecution or harassment by law enforcement officials. We agree with the district court that the city attorney's public statement that he would "run [Postscript] out of business" is not sufficient to invoke this exception because Postscript has not shown that it has suffered "irreparable injury" that is "great and immediate." *Younger*, 401 U.S. at 46, 91 S.Ct. at 751.

Finally, Postscript argues that the district court's decision to abstain from deciding the case on the merits was erroneous under the precedent of this circuit. *See Postscript Enterprises v. Westfall*, 771 F.2d 1132 (8th Cir.1985). However, Postscript's reliance on the aforementioned case is inapposite because that case dealt with the case or controversy requirement of article III of the United States Constitution. It had nothing to do with the issue before

us in the present case, that of the proper application of the *Younger* abstention doctrine to the proceedings below.

We have carefully reviewed the entire record and we are satisfied that the district court was correct in its abstention analysis. We are in no way passing on the constitutionality of the statutes under attack. We hold only that abstention was proper under the principles of *Younger* and its progeny.

Accordingly, the judgment of the district court is affirmed.

Given our disposition of the case, we need not address Postscript's request for a temporary restraining order or for a declaratory judgment.