*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0234P (6th Cir.)
File Name: 03a0234p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

NICOLE M. LOCH,
        *Plaintiff-Appellant,*

        *v.*                             No. 01-1598

FRED WATKINS; JOHN D.
O'HAIR; COUNTY OF WAYNE;
BENNY NAPOLEON; THE CITY
OF DETROIT,
        *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70478—Denise Page Hood, District Judge.

Argued: March 27, 2003

Decided and Filed: July 17, 2003

Before: MARTIN, Chief Circuit Judge; KENNEDY and
        DAUGHTREY, Circuit Judges.

———————

———————

## COUNSEL

**ARGUED:** Hugh M. Davis, Jr., CONSTITUTIONAL
LITIGATION ASSOCIATES, Detroit, Michigan, for
Appellant. Linda D. Fegins, CITY OF DETROIT LAW
DEPARTMENT, Detroit, Michigan, Julie C. Quinlan-
Dufrane, WAYNE COUNTY CORPORATION COUNSEL,
Detroit, Michigan, for Appellees. **ON BRIEF:** Cynthia
Heenan, CONSTITUTIONAL LITIGATION ASSOCIATES,
Detroit, Michigan, for Appellant. Linda D. Fegins, CITY OF
DETROIT LAW DEPARTMENT, Detroit, Michigan, W.
Steven Pearson, WAYNE COUNTY CORPORATION
COUNSEL, Detroit, Michigan, for Appellees.

———————

## OPINION

———————

BOYCE F. MARTIN, JR., Chief Circuit Judge. Nicole
Loch appeals the decision of the district court dismissing her
claims under state law and under 42 U.S.C. § 1983 on the
ground of abstention. The case stemmed from seizure of
Loch's Jeep Cherokee under the Michigan forfeiture statute.
Loch challenged the seizure under 42 U.S.C. § 1983 and state
conversion grounds, seeking damages. She later filed
motions for declaratory and injunctive relief, as well as leave
to amend her complaint to include would-be plaintiffs who
could represent a proposed class of litigants opposing the
forfeiture procedure. Upon motion by the defendant
municipalities and officers, the district court found that it
could not review her complaints because they were
intertwined with pending state litigation. For the following
reasons, we AFFIRM the judgment of the district court.

On January 7, 2000, Detroit police officers seized a 1996
Jeep Cherokee driven by Jack Paul Barrett II after Barrett was

arrested for attempting to purchase marijuana. The Jeep was impounded, then seized, under section 333.7521(1)(d) of the Michigan Compiled Laws, which authorizes forfeiture of any vehicle involved in the use, transport, or facilitation of transport of controlled substances for sale or receipt. The officers seized the vehicle as part of a Wayne County program called Operation Push-Off. The program permits the police to seize vehicles that are used in the purchase or attempted purchase of any amount of marijuana. The local prosecutors then subject those vehicles to forfeiture.

Loch, who owned the Jeep, was not present at the time of the arrest but received notice of the pending forfeiture. The notice advises the owner of the right to post a bond and contest the forfeiture in state court. The owner has the option, however, of settling the case for a specified sum plus towing and storage costs, thereby regaining possession of the vehicle. Loch attempted to post bond and contest the seizure of her property. She claims, however, that the prosecutor's office told her that she was not permitted to post bond and contest the forfeiture because there was a lien on the vehicle and that the vehicle would be turned over to the lienholder of record unless Loch entered into an agreement on the forfeiture.

Loch claims that the prosecutor's office leads owners to believe that to obtain a trial date, the owners must waive their rights to certain pretrial proceedings. The defendants contest that claim, stating that pretrial waiver is optional and not required to obtain a trial date. The prosecutor's office also seeks to have state courts hold owners who prevail on the forfeiture liable for towing and storage expense. Eventually, the Wayne County prosecutor's office waived the bond requirement and filed a forfeiture action in Wayne County Circuit Court.

At the trial on the merits on June 22, 2000, the court determined that Loch was an "innocent owner" of the Jeep because she was unaware of Barrett's intent to use the car for procuring marijuana. The court concluded that Loch was

innocent of wrongdoing, ordered return of the vehicle, and on a motion for reconsideration of a decision to impose a $600 towing and storage fee, ruled that Loch was not responsible for those costs. The state appealed that judgment, and the Michigan Court of Appeals ruled on the case on August 23, 2002. *People v. 1996 Jeep and Nichole Loch, Claimant Appellee*, 652 N.W.2d 675 (Mich. App. 2002).

Twenty days after the seizure of the vehicle in Barrett's arrest, but before the forfeiture hearing in state court, Loch filed a complaint in federal district court. Loch first made a claim under section 1983, claiming that Michigan's Operation Push-Off violated the due process clause of the Fourteenth Amendment to the United States Constitution because it deprived individuals of forfeiture hearings and extorted settlements from owners who wished to avoid losing the vehicles to lienholders. Loch made a second claim under section 1983, alleging that the City of Detroit and Wayne County failed to train their employees adequately in the operation of the forfeiture, thus depriving Loch of due process and resulting in an unlawful seizure of property. Loch's third section 1983 claim alleged that the forfeiture amounted to taking of property without just compensation. Loch's fourth section 1983 claim alleged that police Sergeant Watkins's use of the forfeiture statute constituted an abuse of process. Loch's final claim arose out of state law, and she alleged that all of the defendants conspired to convert the Jeep to their possession.

Eventually, Loch filed motions with the district court seeking declaratory and injunctive relief and leave to amend her complaint to add plaintiffs who could represent a class of litigants challenging the forfeiture procedure. The municipalities and their employees responded by filing motions to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The defendants claimed that the district court should abstain from deciding the claims before it because the federal proceedings involved claims

inextricably intertwined with the pending state forfeiture action.

The district court granted the motions to dismiss, finding that the federal court should not invoke jurisdiction over Loch's complaint during pendency of the state proceedings, based upon principles of abstention articulated in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and *Younger v. Harris*, 401 U.S. 37 (1971). The district court also denied Loch's motions for declaratory and injunctive relief and leave to amend.

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). As to the review of the district court's decision to abstain, we said in *United States v. Commonwealth of Kentucky*, 252 F.3d 816, 825 (6th Cir. 2001):

> While we normally review *de novo* a district court's decision to abstain, *see Fed. Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 967 (6th Cir.1991), we have at least on one occasion reviewed such a decision for abuse of discretion, *see Romine v. Compuserve Corp.*, 160 F.3d 337, 341, 343 (6th Cir.1998). As the Second Circuit has noted, however, "there is little practical distinction between review for abuse of discretion and review *de novo*" in abstention cases, inasmuch as the district court's discretion to abstain "is narrowed by a federal court's obligation to exercise its jurisdiction in all but the most extraordinary cases." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998).

As that case indicates, generally federal courts should not abstain from exercising jurisdiction on abstention grounds, for abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly

before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). When a court does elect to abstain, the decision must be under "the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.*

The Supreme Court has announced several circumstances which qualify as exceptional and in which abstention is appropriate. One of these "doctrines" is applicable to this case. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter. *Id.* at 43-45. We look at three factors to determine if *Younger* abstention is warranted: "(1) whether the underlying proceedings constitute an ongoing state judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001); *see also Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Zalman v. Armstrong*, 802 F.2d 199, 201-02 (6th Cir. 1986).

First, when determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed. *Zalman*, 802 F.2d at 204. It remains pending until a litigant has exhausted his state appellate remedies. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Loch argues that the state court proceeding was not pending when she filed her federal lawsuit because she filed her federal complaint four days before the state filed its complaint seeking forfeiture. She asserts that the state judicial proceedings had not been initiated, so no ongoing proceeding would have given her opportunity to raise any constitutional challenges in state court.

In *Hicks v. Miranda*, 422 U.S. 332, 349 (1975), however, the Court held "that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." Although Loch argues that the state proceedings had run their course before the district court made its decision in March of 2001, she cannot be correct. The state of Michigan appealed the judgment of the state court in the forfeiture case, and the state appellate process was not complete when the district court decided to abstain in the case, as is clear from the August 2002 judgment of the Michigan Court of Appeals in *People v. 1996 Jeep and Nichole Loch, Claimant Appellee*, 652 N.W.2d 675 (Mich. App. 2002).

As the Supreme Court said in *Huffman*, 420 U.S. at 608, "[A]ll of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial." For that reason, we hold that the district court was correct in assessing the proceedings before it as ongoing in the state courts.

Next we turn to the questions of "whether the proceedings implicate important state interests, and whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Tindall*, 269 F.3d at 538. Though *Younger* itself concerned abstention when a state criminal matter was pending, the doctrine has been interpreted to caution against interference in state civil matters. As the Supreme Court said in *Juidice v. Vail*, 430 U.S. 327, 334 (1977) (internal citations omitted):

> [T]he more vital consideration behind the Younger doctrine of nonintervention lay not in the fact that the state criminal process was involved but rather in the notion of comity, that is, a proper respect for state functions, a recognition of the fact that the entire country

is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*See also Middlesex County Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

We find persuasive the Eighth Circuit's perspective in *Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989), in which the court held that forfeiture proceedings are quasi-criminal in nature and of such a character as to warrant application of the *Younger* doctrine. "The state's interest in these forfeiture proceedings is likely to be as great as its interest in its criminal law proceedings." *Id.* Citing *Huffman*, 420 U.S. at 605 (internal citations omitted), the court in *Postscript Enterprises* said, "Under the Younger abstention doctrine the federal courts must abstain from interfering with the efforts of states or local governments 'to protect the very interests which underlie [their] criminal laws and to obtain compliance with precisely the standards which are embodied in [their] criminal laws.'" We find this reasoning persuasive. We believe that Michigan's interest in its forfeiture laws is directly correlated with its interest in the enforcement of the criminal laws. We further believe that there was no impediment to Loch's raising the constitutional issues of this case in the state proceedings. For these reasons, we believe *Younger* abstention is appropriate in this case.

It is crucial that we make clear that the district court's decision to abstain from hearing this case was appropriate at the time of the decision given the pendency of the state proceedings. Loch's claims are therefore dismissed without prejudice, because we decline to address their merits, and she is free to raise any and all of these claims in federal court when the state proceedings are fully completed.

Based on the foregoing, we AFFIRM the judgment of the district court.