RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0189p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JAMES E. MYERS; ELLEN ECKERT,
                        *Plaintiffs-Appellants*,

                    *v.*                                    No. 07-3817

UNITED STATES OF AMERICA,
                        *Defendant-Appellee*,

THE OHIO CASUALTY INSURANCE COMPANY,
                        *Defendant*.

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 06-07045—Vernelis K. Armstrong, Magistrate Judge.

Submitted: May 2, 2008

Decided and Filed: May 21, 2008

Before: KENNEDY and MARTIN, Circuit Judges; HOOD, Senior District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Martin S. Delahunty III, ELK & ELK, CO., LTD., Mayfield Heights, Ohio, for Appellants. Holly Taft Sydlow, ASSISTANT UNITED STATES ATTORNEY, Toledo, Ohio, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Plaintiffs James Myers and Ellen Eckert filed the present case under the Federal Tort Claims Act, alleging negligence on the part of a federal postal employee whose mail truck struck the car driven by Myers and in which Eckert was a passenger. The United States filed a motion to dismiss under Rule 12(b)(1) and (6), arguing that the action was barred by the statute of limitations. The district court found for the government and dismissed the case. Myers and Eckert timely appealed. For the following reasons we AFFIRM the district court's dismissal of plaintiffs' claims.

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

I.

On February 17, 2004, a motor vehicle driven by Myers, in which Eckert was a passenger, was involved in a collision with a mail truck. Plaintiffs allege that the mail truck failed to yield the right-of-way to traffic when it collided with plaintiffs' vehicle. Myers and Eckert suffered personal injuries as a result of the accident.

Pursuant to the Federal Tort Claims Act, plaintiffs submitted an administrative claim to the Postal Service regarding the alleged incident. Because the details of this administrative claim and its subsequent denial are important to plaintiffs' claims, we briefly delve into the minutia of the claim forms and the certified mail receipt. In Box 2 of the administrative claim form, captioned "Name, Address of claimant and claimant's personal representative, if any," were the handwritten names: "Ellen Eckert & James Myers" and the single address "7507 Wahl Rd. #[illegible], Vickery, OH 43464." In Box 9, captioned "Name and Address of Owner, If Other than Claimant" was written "Claimants — ." At Box 13a, captioned "Signature of Claimant," appears Ellen Eckert's signature after one "X," and a blank space after the other "X."

The Postal Service denied the administrative claim by a letter dated June 3, 2004. This letter was sent by certified mail addressed to "Ellen Eckert & James Myers," exactly as the names appeared in Box 2 of the claim form. It was sent to the Wahl Road address, and Myers signed for the letter upon receipt on June 5, 2004. The letter advised plaintiffs of their right to file suit in district court within six months from the mailing date of the letter.

On February 8, 2006 Myers and Eckert filed the instant suit in district court for personal injuries suffered as a result of the alleged negligence of the postal service. The government moved to dismiss arguing that the six-month statute of limitations had run before plaintiffs filed suit. The district court agreed, and dismissed plaintiffs' claims. They now appeal, arguing that the administrative claim was not joint, but was only Eckert's individual claim because hers was the only signature to appear on the claim form. She also argues that the statue of limitations does not bar her claim because the government did not properly send directly to her a final denial letter by certified mail. Myers argues that since he never signed the administrative claim form, he never made such a claim, and thus he was not subject to the six-month statute of limitations.

II.

This Court reviews a dismissal for lack of subject matter jurisdiction *de novo*. *Loch v. Watkins*, 337 F.3d 574, 577 (6th Cir. 2003).

A.      Ellen Eckert's Claim

Eckert does not contend that she did not receive the final claim denial letter or that she was unaware that Myers accepted the letter when it was delivered via certified mail. She argues that because she signed and submitted the administrative claim form, the Postal Service had a duty to send an individual notice to her. Eckert also argues that since she was not individually served with notice that her claim had been denied, the six-month statute of limitation provided in 28 U.S.C. § 2401(b) was never triggered. The government argues that the Postal Service was not obligated to issue final notice of denial to Eckert and Myers individually at their shared address.

Under the Federal Tort Claims Act, a claim against the United States for money damages for personal injury cannot be instituted unless the claimant has first presented the claim to the appropriate federal agency and his or her claim has been finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). The Code of Federal Regulations provides that once a claim has been finally denied, a final denial letter must be sent to the claimant via certified or registered mail, and that letter must include a statement of the reasons for the denial and

inform the claimant that they may file suit in district court no later than six months after the date of the mailing of the denial letter.  28 C.F.R. §14.9(a).

The district court held that the Postal Service complied with the above statute and regulation. A final denial letter was sent via certified mail to the claimant, "Ellen Eckert & James Myers," exactly as those names appeared in the claimant box on the claim form.  The final denial was served in the same manner as the claim was presented to the Postal Service.  Eckert has failed to cite any case, administrative rule, or regulation that requires final denial letters to be individually sent to co-claimants.  We agree with the district court that the Postal Service followed the letter of the law, and conformed with federal regulations in attempting to serve the final denial on Eckert and Myers. Accordingly, we AFFIRM the district court's dismissal of Eckert's claims because they were not filed within six-months of the receipt of the Postal Services' final denial letter.

B.       James Myers's Claims

Having held that Eckert's claim is time-barred because the Postal Service adequately complied with its duty to inform her via certified mail of the denial of her administrative claim, Myers's claim is also in dire straits.  Either the claim form signed by Eckert was joint in nature, and Myers's claim is barred for the same reasons Eckert's claim is barred – the six-month statute of limitations, *see* 28 U.S.C. § 2401(b), – or Eckert's administrative claim was individual in nature, and Myers's claim runs afoul of the Federal Tort Claims Act that requires that he submit an administrative claim within two years of the incident prior to pursuing an action in district court, *see* 28 U.S.C. § 2675(a).  Under either theory, we hold that Myers's claim is barred.

III.

For the foregoing reasons, we AFFIRM the district court's dismissal of both Eckert's and Myers's claims.