**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4653
_____

AMGAD A. HESSEIN, MD,
                                        Appellant

v.

UNION COUNTY PROSECUTORS OFFICE; UNION COUNTY NEW JERSEY;
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY; DETECTIVE DAVID
NECHMANKIN, of Union County Prosecutors Office, individually and in his official
capacity; MICHAEL SHEETS, Assistant Union County Prosecutor, individually and in
his official capacity; TANSEY, Assistant Union County Prosecutor, individually and in
his official capacity; GRACE H. PARK, Acting District Attorney of Union County,
individually and in her official capacity; KAY EHRENKRANTZ, Deputy Attorney
General of New Jersey, individually and in her official capacity; JOHN J. HOFFMAN,
Acting Attorney General of New Jersey, individually and in his official capacity; PAULA
T. DOW, Ex-Attorney General, individually and in her official capacity; THEODORE
ROMANKOW, Ex-District Attorney of Union County New Jersey, individually and in
his official capacity; THOMAS HALUSZACZAK, Assistant Union County Prosecutor,
individually and in his official capacity; JOHN DOES, individually and in their official
capacity; JOHN DOE AGENCIES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 2-13-cv-04998)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: June 16, 2014 )

_____

OPINION

_____

PER CURIAM

Pro se appellant Amgad Hessein appeals from the District Court's order dismissing his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons that follow, we will affirm the District Court's judgment.

Hessein is an anesthesiologist and owner of Advanced Pain Management Specialists ("APM"). The Union County (New Jersey) Prosecutor's Office began investigating Hessein and APM for allegedly overbilling Medicare and private insurance companies, and in 2010, a criminal complaint was issued charging Hessein with violating New Jersey's health-care-claims-fraud law. See N.J. Stat. Ann. § 2C:21-4.3(a). At about that time, the State of New Jersey initiated criminal forfeiture proceedings, alleging that various items belonging to Hessein — including real property, banks accounts, and cars — were evidence in the criminal action or the fruits of his criminal activity. Finally, the New Jersey Attorney General's Office instituted an administrative prosecution before the New Jersey State Board of Medical Examiners seeking to suspend or revoke Hessein's medical license. According to Hessein, all three of these actions remain ongoing.

In 2013, Hessein filed a complaint (which he later supplemented) in the District Court, naming as defendants about a dozen individuals and entities involved in the state

2

proceedings. Hessein, relying on 42 U.S.C. § 1983, alleged that his arrest, the seizure of his property, his criminal prosecution, the forfeiture proceedings, and the medical-disciplinary action all violated his constitutional rights. He asked the District Court to enjoin his arrest, suppress the evidence seized by authorities, and dismiss the three pending actions. He also sought money damages for the "wrongful and illegal criminal prosecutions."

The defendants filed motions to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the District Court granted the motions and dismissed Hessein's complaint. Hessein then filed a timely notice of appeal to this Court.

We discern no error in the District Court's disposition of this case. Hessein first argues that the District Court should have granted a default judgment to him because Union County filed its motion to dismiss a few days after the deadline prescribed by Fed. R. Civ. P. 12. However, Hessein did not seek an entry of default, which is a prerequisite to obtaining a default judgment. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). Moreover, none of the relevant default-judgment factors militate in Hessein's favor — he was not prejudiced by the brief delay, there is no indication that Union County was culpable, and Union County had litigable defenses. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We therefore affirm the District Court's order as to this issue.

We also agree with the District Court's decision to apply the Younger abstention doctrine. See generally Younger v. Harris, 401 U.S. 37 (1971). This doctrine "reflects a

3

strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992) (quotation marks omitted). The Supreme Court has recently emphasized that the doctrine applies to only three specific categories of cases: (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (quotation marks, alteration omitted); see also ACRA Turf Club, LLC v. Zanzuccki, --- F.3d ----, 2014 WL 1272859 (3d Cir. 2014). Further, even if a parallel state proceeding falls within one of these categories, abstention is not appropriate when "extraordinary circumstances exist such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (quotation marks, alteration omitted).

The proceedings that Hessein seeks to interrupt fit squarely within the categories described above. First, Hessein has requested an order enjoining his state criminal action, which is the paradigmatic situation calling for Younger abstention. See Younger, 401 U.S. at 54. Likewise, it was proper for the District Court to refuse to enter an order concerning "[t]he propriety of arrests and the admissibility of evidence" in the state criminal proceedings. See Perez v. Ledesma, 401 U.S. 82, 84 (1971); see also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The same conclusion

4

also applies to Hessein's efforts to enjoin the state criminal forfeiture proceedings. See Loch v. Watkins, 337 F.3d 574, 579 (6th Cir. 2003). Finally, we agree with the District Court that the administrative prosecution before the New Jersey State Board of Medical Examiners represents the type of "civil enforcement proceeding" for which abstention is appropriate. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Zahl, 282 F.3d at 209-10.

Hessein argues that extraordinary circumstance exist here rendering abstention inappropriate. More specifically, he contends that he is being prosecuted for committing Medicare fraud, an offense that implicates federal, rather than state, interests. See Zahl, 282 F.3d at 210 (explaining that "exceptional circumstances" may be presented when the case involves "state proceedings that entrench upon the federal domain").

We are not persuaded. As an initial matter, in Zahl, we rejected this precise argument when raised by a party seeking to justify federal injunction of a state medical-disciplinary proceeding; we held that "New Jersey's regulation of the licensing and behavior of its physicians . . . . is a matter of paramount state interest." Id. at 212. This holding applies here and forecloses Hessein's argument with respect to his disciplinary proceeding. As to his criminal prosecution, the state has charged Hessein under a general statute criminalizing false medical claims,[1] and the documents he attached to his

---

[1] Hessein was charged with "health care claims fraud," which is defined as "making, or causing to be made, a false, fictitious, fraudulent, or misleading statement of material fact in, or omitting a material fact from, or causing a material fact to be omitted from, any record, bill, claim or other document, in writing, electronically or in any other form, that

5

complaint reveal that the criminal prosecution is focused at least in part on his conduct toward private (non-Medicare) insurers. We have recognized that states have significant interests in "medical fee regulation," Pa. Med. Soc'y v. Marconis, 942 F.2d 842, 846 (3d Cir. 1991), and "the regulation of [their] insurance industry," Ford Motor Co. v. Ins. Comm'r of Pa., 874 F.2d 926, 934 (3d Cir. 1989), and Hessein has not identified any legal authority suggesting that Congress has intended to displace these state functions, see Zahl, 282 F.3d at 212. Accordingly, we discern no error in the District Court's application of the Younger abstention doctrine here.

Finally, Hessein presented a claim for money damages against Union County and the prosecutor's office. This claim lacks merit: prosecutors are immune from damages in a § 1983 action for the initiation of prosecution and presentation of a state's case, see Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and Hessein failed to plead that Union County has any role in his prosecution, see Coleman v. Kaye, 87 F.3d 1491, 1499 (3d Cir. 1996); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2]

Accordingly, we will affirm the District Court's judgment. We also grant Hessein's motion to file a supplemental reply brief.

---

a person attempts to submit, submits, causes to be submitted, or attempts to cause to be submitted for payment or reimbursement for health care services." N.J. Stat. Ann. § 2C:21-4.2.

[2] We note that in his appellate briefs, Hessein has raised numerous claims that he did not present in the District Court. We will not address the merits of these claims for the first time on appeal. See Smith v. Commissioner of Social Security, 631 F.3d 632, 637 (3d Cir. 2010).