NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0569n.06

No. 17-5187

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STATE OF TENNESSEE, on relationship, of and | ) | |
| | ) | |
| Plaintiff, | ) | **FILED** |
| | ) | Oct 06, 2017 |
| THOMAS PATTERSON, in his individual capacity | ) | DEBORAH S. HUNT, Clerk |
| and as Relator for the State of Tennessee and as | ) | |
| Representative for Class Members, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| BILL GIBBONS; JOHN AND JANE DOES, as a | ) | UNITED STATES DISTRICT |
| Class of Tennessee officers, directors, managers and | ) | COURT FOR THE EASTERN |
| employees whose conduct is covered by Tennessee's | ) | DISTRICT OF TENNESSEE |
| blanket security bond; FIDELITY AND DEPOSIT | ) | |
| COMPANY OF MARYLAND, as surety for | ) | |
| Defendants Gibbons, Martin, and Tennessee John and | ) | |
| Jane Does; MARSHALL HICKS; BRADLEY | ) | |
| COUNTY, TENNESSEE; AUTO-OWNERS | ) | |
| INSURANCE, as surety for Marshall Hicks deputy | ) | |
| bond, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, BATCHELDER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Police seized Thomas Patterson's truck after Patterson allegedly used it to drive a friend to a drug deal. While awaiting a civil-forfeiture hearing, Patterson filed this suit in the United States District Court for the Middle District of Tennessee,

arguing that the seizure was unconstitutional. But the seizure had occurred in the Eastern District of Tennessee, where most defendants, witnesses, and Patterson himself lived—but where Patterson's lawyer, Herbert Moncier, had been suspended for professional misconduct, had not been reinstated, and thus was not eligible to practice. *See In re Moncier*, 550 F. Supp. 2d 768 (E.D. Tenn. 2008). The court gave Patterson two weeks to explain why it should not transfer the case to the Eastern District; after two weeks and no answer, it did. The court in the Eastern District declined to let Moncier appear pro hac vice, reasoning that he had already been "given an avenue to be reinstated to practice" yet had refused to follow it. The court thereafter dismissed the case under *Younger v. Harris*, 401 U.S. 37 (1971), because Patterson's state forfeiture hearing was still pending.

Patterson now appeals, arguing first that the Eastern District is an inconvenient forum for this case—notwithstanding that most of the parties and witnesses are there—and that the court therefore should not have transferred the case. We need not dwell on that argument's geographic flaws, however, because Patterson failed to raise it below. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). Patterson implies that he preserved the argument by filing objections to the transfer with the Middle District. That he did—but only after that court had transferred the case and thus "los[t] all jurisdiction over [it], including the power to review the transfer." *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (internal quotation marks omitted). So this argument is waived.

Patterson argues next that the court denied him his putative right to counsel when it refused to let Moncier (who, incidentally, is arguing on his behalf here) appear pro hac vice. The problem with that argument is that this is a civil case, and the Constitution requires counsel in

civil cases only where they might result in detention. *See Turner v. Rogers*, 564 U.S. 431, 443 (2011). This is not such a case.

Patterson argues finally that the district court was wrong to dismiss the case, a decision we review de novo. *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 700 (6th Cir. 2013). Under *Younger*, federal courts must abstain from cases when certain related state proceedings are ongoing, implicate important state interests, and give the parties an adequate opportunity to assert constitutional claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982). Such proceedings include "civil enforcement proceedings." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013).

Here, Patterson himself told the court that a state forfeiture hearing was ongoing when he brought this suit and still ongoing when the court dismissed it. Tennessee has an important interest in enforcing its forfeiture laws. *See Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003). Patterson has an adequate opportunity to assert his constitutional claims in Tennessee state court once the forfeiture process is through. *See* Tenn. Code Ann. § 4-5-322(a)(1), (h)(1); *CSXT, Inc. v. Pitz*, 883 F.2d 468, 474 (6th Cir. 1989). And not even he contests that civil-forfeiture hearings are civil-enforcement (or as he says, "quasi-criminal") proceedings. *See Loch*, 337 F.3d at 579.

Patterson does contend that his opportunity to assert constitutional claims in Tennessee state court is inadequate because he might not prevail. But *Younger* requires only that he be able to assert claims, not that he prevail on them. Patterson also contends more generally that Tennessee does not deserve the courtesy of abstention because, he says, the state enforces its forfeiture laws in bad faith. As proof he alleges that the state has a practice of seizing people's property and then delaying their forfeiture hearings unless they pay to get it back. Patterson is correct that federal courts do not abstain when a state proceeding is "brought in bad faith."

*Younger*, 401 U.S. at 49. But he offers us no reason to think that the state seized his truck to "harass" him or to "discourage" him from engaging in lawful conduct, or for any reason other than that it believed the truck had been used in a drug deal. *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965). If Patterson has any evidence that the seizure or forfeiture of his truck was unconstitutional, he can present it in state court.

Where, as here, all the *Younger* requirements are met, the court must dismiss the case. *See Loch*, 337 F.3d at 579. The district court rightly did so.

The district court's judgment is affirmed.